**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARLON L. SAPP,**

      **Plaintiff,**

-vs-                                **Case No. 6:06-cv-1335-Orl-19JGG**

**OFFICER MCMARTIN, TITUSVILLE**
**POLICE DEPARTMENT,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **September 5, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**, and the case be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

On September 5, 2006, Plaintiff Marlon L. Sapp filed a civil rights complaint against "McMartin" and the Titusville Police Department. Docket No. 1. Sapp's complaint is unclear but appears to allege that McMartin, a police officer, wrote false statements in the arrest report related to Sapp's arrest on January 27, 2006. *Id.* at 8 - 9. Sapp, currently incarcerated in Brevard County Jail, now seeks leave to proceed *in forma pauperis*. Docket No. 2.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (also known as the "three strikes rule") limits a prisoner's ability to bring a civil action *in forma pauperis*:

> if the prisoner has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).[1] Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree*, 284 F.3d at 1236.

The Court takes judicial notice of filings previously brought by Sapp that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: 1.) *Sapp v. Eighteenth Judicial Circuit, et al*, 6:00-cv-346-Orl-19JGG; 2.) *Sapp v. Titusville Police Department*, 6:00-cv-495-PCF; 3.) *Sapp v. Officer Mickmartin*, 6:06-cv-481-Orl-28DAB; and 4.) *Sapp v. Russell, et. al.*, 6:06-751-Orl-28JGG. In addition, in nine other cases, Sapp has sought (and was denied) leave to proceed *in forma pauperis*.[2] All nine cases were dismissed without prejudice under 28 U.S.C. § 1915. Based on these prior dismissals and Sapp's failure to allege that he is under

---

[1] The Act defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

[2] The nine cases are: 1.) *Sapp v. Officer McMartin*, 6:06-cv-780-31KRS; *Sapp v. Titusville Police Department*, 6:06-cv-800-22KRS; 3.) *Sapp v. Gutin*, 6:06-cv-775-Orl-31DAB; 4.) *Sapp v. McLubbin*, 6:06-cv-785-Orl-22DAB; 5.) *Sapp v. Chex Card of United States*, 6:06-cv-822-19JGG; 6.) *Sapp v. Judge on Court Minutes,* 6:06-cv-849-Orl-22JGG; 7.) *Sapp v. Mr. Tredtus*, 6:06-cv-898-Orl-22DAB; 8.) *Sapp v. Russell*, 6:06-cv-899-Orl-31KRS; 9.) *Sapp v. Russell*, 6:06-cv-1284-Orl-28KRS, Docket No. 4.

imminent danger of serious physical injury, his application for leave to proceed *in forma pauperis* should be denied, and this action should be dismissed without prejudice.

Accordingly, it is **RECOMMENDED** that:

1.) Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 2] be **DENIED**;

2.) the case be **DISMISSED** without prejudice; and

3.) the Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 7, 2006.

Copies furnished to:
The Honorable Patricia C. Fawsett, Chief Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE